THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NAHUM J. SHATZKIN, Appellant.

First Department, November 4, 1927.

**Crimes — violation of Penal Law, §§ 1311 and 1312 — unlawful withholding of deed — evidence does not sustain conviction.**

The defendant, the president of a corporation, was indicted on the theory that the unlawful withholding of a deed after the payment of the purchase price constitutes a violation of sections 1311 and 1312 of the Penal Law.

The mere withholding of a deed is not, in itself, a crime under said sections but the crime consists of misappropriating money paid on account of the purchase price and the withholding of a deed creates a presumption of misappropriation.

The evidence does not sustain the conviction, since it appears that the complaining witness purchased real property on the installment plan prior to the time that the defendant became connected with the vendor corporation; that the complaining witness defaulted in his payments and the property was deeded to a third person; that he later made good his default; that thereafter the defendant became president of the corporation and subsequent thereto the complainant made the payment of the five dollars which is the basis of the charge, but that the payment was not made to the defendant, personally, and he had no personal knowledge whatsoever of the transaction.

MARTIN, J., dissents.

APPEAL by the defendant, Nahum J. Shatzkin, from a judgment of the Court of Special Sessions of the City of New York, rendered on the 26th day of March, 1926, convicting him of the crime of unlawfully withholding the deed to real property after the purchase price had been paid, in violation of section 1311 of the Penal Law.

*Philip Wittenberg* of counsel [*Boudin & Wittenberg,* attorneys], for the appellant.

*Archibald Firestone, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PROSKAUER, J. Defendant appeals from a judgment of the Court of Special Sessions of the City of New York convicting him of " unlawfully violating the provisions of section 1311 of the Penal Law * * * (withholding deed)." In the first count of the information the defendant is charged with " the crime of unlawfully withholding deed to real property after purchase price has been paid." By way of specification it is alleged that he appropriated the sum of five dollars, being the final installment payment for certain real estate purchased by the complainant from a corporation of which the defendant was president, that he promised to deliver a deed for the property upon the payment of the final installment, and that he has unlawfully failed and refused so to do. In a second count the defendant was charged with the crime of petit larceny, but this count was dismissed by the trial court.

Section 1311, so far as here pertinent, provides that a person who, in the city of New York, collects money in amounts of one hundred dollars or less in value for the sale of real property, holds such property as a bailee and trustee until the delivery of the deed. Section 1312 of the Penal Law (as added by Laws of 1919, chap. 521) provides that the failure to make delivery of a deed when due, under the conditions set forth in section 1311, is presumptive evidence of misappropriation. Neither section defines a statutory crime. Both merely create legal rights and presumptions upon which the charge of wrongful misappropriation may be based.

The conduct of the trial and the form of the order of sentence indicate that the trial court proceeded on the theory that withholding a deed was in itself a crime. We base our judgment, however, not on any technical inaccuracy in, or any variance between, the information and the judgment. The record shows affirmatively that there was no misappropriation by the defendant.

The complainant had an installment contract to buy land from a corporation of which the defendant at the time of his arrest was president. It was made several years before the defendant had any connection whatever with the corporation. The complainant defaulted in his payments and the property was deeded to someone else. He then made good his default, and the ledgers of the company show that he was making payments for this particular property. Thereafter the defendant became president of the corporation, and

subsequent thereto the complainant made the payment of five dollars which is the basis of this charge. He did not make the payment to the defendant personally. There is no evidence that defendant had any knowledge of the payment, its specific application, or the fact that the property for which it was made had already been deeded away. It is undisputed that the complainant never saw the defendant until he met him in the corridor of the district attorney's office. On that occasion the defendant told him that if he had any complaint, his money would be forthwith returned to him. There is no evidence either of defendant's knowledge of the situation or of any wrongful intent on the defendant's part.

For these reasons the judgment appealed from should be reversed and the defendant discharged.

Dowling, P. J., Merrell and O'Malley, JJ., concur; Martin, J., dissents.

Judgment reversed and defendant discharged. Settle order on notice.